**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| MARK DANIELS, | : | Case No. 1:21-cv-636 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Karen L. Litkovitz |
| WARDEN, NOBLE CORRECTIONAL | : | |
| INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**ORDER**

Petitioner, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C § 2254 challenging his 2012 Butler County, Ohio, convictions on guilty pleas for attempted vehicular homicide and three counts of vehicular assault.  (Doc. 1, at PageID 1). Currently before the Court is petitioner's Petition to Expand the Record.  (Doc. 12).  Respondent has filed a Response in Opposition (Doc. 15), to which petitioner has replied (Doc. 16).  For the reasons that follow, the Petition to Expand the Record (Doc. 12) is **DENIED**.

**Petitioner's Motion**

Petitioner brings his Petition to Expand the Record pursuant to Rule 7 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(e)(2).  Although petitioner attaches five exhibits to his Petition to Expand the Record (*see* Doc. 12-1), petitioner identifies the "pertinent photographs that [he] is attempting to expand the record with" as ones contained in Exhibits 2-4."  (Doc. 12, at PageID 696)*.  More specifically, petitioner identifies three photographs that he seeks to add to the record:  (1) the top photograph on the page marked Exhibit 2, (2) the top photograph on the page marked Exhibit 3, and (3) the bottom photograph on the page marked

Exhibit 4.  (*See* Doc. 12, at PageID 699).  Petitioner explains that he attached Exhibits 1 and 5 to

his motion merely to authenticate and add context to the photographs he proffers.  (Doc. 12, at

PageID 696-99).  The Court therefore understands petitioner's Petition to Expand the Record to

be limited to the three photographs identified above, namely the top photograph on the page

marked Exhibit 2 (Doc. 12-1, at PageID 704), the top photograph on the page marked Exhibit 3

(Doc. 12-1, at PageID 705), and the bottom photograph on the page marked Exhibit 4 (Doc. 12-

1, at PageID 706).

Petitioner argues that these photographs were not provided to defense counsel during

discovery in the underlying criminal case and "are crucial to demonstrating the veracity of the

West Chester Fire Department's Incident Run Report," "assist in demonstrating that Petitioner

was actually the passenger during the incident in question," and "are crucial to demonstrating

Ground Three in Petitioner's Writ of Habeas Corpus," in which he asserts that the:

> Ohio courts erred, to Petitioner's prejudice, when they ignored evidence that
> demonstrates both 'unavoidable prevention' and that an Ohio Prosecutor
> committed prosecutorial misconduct by presenting false evidence within discovery
> and by withholding Brady material from discovery in violation of Petitioner's Due
> Process Rights under the Fourth and Fourteenth Amendments of the United States
> Constitution.

(Doc. 12, at PageID 697-98; *see also* Doc. 1, at PageID 6).  According to petitioner:

> A reasonable person/jurist would also conclude that these photographs, in light of
> the withheld fire department's report; show an individual covered in a sheet lying
> outside the car while an individual is still in the passenger seat of the vehicle, thus
> demonstrating both actual innocence and an obvious and deliberate attempt on the
> part of state actor's [sic] to place Petitioner in the driver seat by any means
> necessary, thus, violating Petitioner's Due Process Rights under the United States
> Constitution.

(Doc. 12, at PageID 698).

In respondent's opposition, respondent contends that the photographs at issue are not

relevant because "[t]he officers whose observations were contained in that report later admitted

2

that they misidentified Clyde Daniels [petitioner's deceased brother] as the driver of the vehicle,

instead of Mark Daniels.  . . .  Accordingly, the photographs as interpreted by the report fail to

demonstrate actual innocence sufficient to overcome the time bar and procedural defaults

[argued in respondent's Return of Writ].  Additionally, since [petitioner] waived his rights under

*Brady* . . . by pleading guilty, the photographs would not advance his *Brady* claim."  (Doc. 15, at

PageID 719).

## Analysis

Generally, review of a state court's decision in a federal habeas corpus petition "is

limited to the record that was before the state court that adjudicated the claim on the merits."

*Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Rule 7 of the Rules Governing Section 2254

Cases provides, however, that the district court "may direct the parties to expand the record by

submitting additional materials relating to the petition."  Consistent with the restrictions set forth

in *Pinholster*, courts have found that:

> supplementation of the record [under Rule 7] by new factual development in state
> court is permitted only in the following circumstances:  (1) when a state court did
> not decide a claim on the merits, and the claim is properly before the federal court;
> (2) when the state court factual determination was unreasonable; (3) when a
> petitioner desires to show cause and prejudice in a procedural default setting; or (4)
> when a petitioner asserts actual innocence to overcome a procedural default or
> statute of limitations issue.

*Severson v. Christensen*, No. 1:20-CV-00429-REB, 2021 WL 354386, at *4 (D. Idaho Feb. 2,

2021).  "The decision of whether to expand the record . . . is within the sound discretion of the

district court."  *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008).

The Court understands petitioner to be seeking to expand the record to include the three

photographs at issue for two of the limited purposes set forth above—to support a claim of actual

innocence to overcome a procedural default or statute of limitations issue, and to bolster Ground

Three of his habeas corpus petition, which respondent asserts in the Return of Writ was determined by the state appellate court to be untimely. (*See* Doc. 11, at PageID 681, 685).[1]

"When a petitioner seeks to introduce evidence pursuant to [Rule 7], the conditions prescribed by [28 U.S.C.] § 2254(e)(2) must [also] be met." *Ault*, 498 F.3d at 788. Section 2254(e)(2) provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "The Supreme Court has held that 'failed' within the meaning of § 2254(e)(2) refers to 'a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.'" *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir. 2007) (citing *Williams v. Taylor*, 529 U.S. 420, 432, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000)). Further, "even if all of these requirements are satisfied, a federal habeas court still is not *required* to hold a hearing or take any evidence. Like the decision to grant habeas relief itself, the decision to permit new

---

[1]The Court will assume for the purposes of this Order that petitioner is seeking to bolster a claim that he presented to the state courts in his post-conviction proceedings and is not attempting to present a new claim for the first time in his habeas corpus petition. *See, e.g., Mark v. Ault*, 498 F.3d 775, 787-88 (8th Cir. 2007) ("[F]or the purposes of this appeal we will assume without deciding that the new evidence serves only to bolster [the petitioner's] claim of constitutional error under *Brady* and does not present a new, unexhausted claim.").

4

evidence must be informed by principles of comity and finality that govern every federal habeas case. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

"The Supreme Court has held, however, that § 2254(e)(2) does not address 'a first federal habeas petition seeking consideration of defaulted claims based on a showing of actual innocence,' and that the standard of review in § 2254(e)(2) does not apply to an actual innocence claim." *McSwain v. Davis*, 287 F. App'x 450, 462 (6th Cir. 2008) (quoting *House v. Bell,* 547 U.S. 538, 539 (2006)) (holding that the *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] "more likely than not" standard applied to an actual innocence claim rather than the "clear and convincing" standard § 2254(e)(2)). Nevertheless, "if the state-court record for [a] defaulted claim is undeveloped, the prisoner must show that factual development in federal court is appropriate." *Shinn*, 142 S. Ct. at 1732-33.

With these principles in mind, the Court first addresses petitioner's request to expand the record to include the three proffered photographs in support of a claim of actual innocence to overcome a procedural default or statute of limitations issue. The request is **DENIED** because the proffered photographs fail to meet *Schlup*'s strict evidentiary standards. *See House*, 547 U.S. at 539.

The Supreme Court has held "that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup*, 513 U.S. 327). Further, "*Schlup* makes plain that the habeas court must consider 'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.'" *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327).

5

Petitioner seeks to add photographs that he states, "show an individual covered in a sheet lying outside the car while an individual is still in the passenger seat of the vehicle." (Doc. 12, at PageID 698). Petitioner argues that the photographs support the original version of the fire department report, which stated that the deceased driver was removed onto a "b-board and covered with a sheet." (Doc. 12, at PageID 699). Petitioner does not seek to introduce the photographs as evidence of his actual-innocence but to bolster a fire department report that responding fire department personnel admitted wrongly identified the driver. (*See* Doc. 10, Ex. 32, at PageID 374-75). Given the admitted mistakes in the report and other evidence in the record, including a photograph showing petitioner with "a long, thin bruise indicating that he was wearing a seatbelt over his left shoulder as the driver of an automobile would do" (Doc. 10, Ex. 43, at PageID 526; *see also* Doc. 10, Ex. 32, at PageID 376), the photographs petitioner proffers fail to "show that it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence." *Schlup*, 513 U.S. at 327.

The Court next addresses petitioner's other purpose in expanding the record—"to demonstrate Ground Three in [his] Writ of Habeas Corpus." (Doc. 12, at PageID 698). According to petitioner, the "photographs constitute Brady Material because they are favorable to Petitioner . . . [and] are crucial to demonstrating the veracity of the West Chester Fire Department's Incident Run Report." (Doc. 12, at PageID 697). The request is **DENIED**. The Petition to Expand the Record fails to meet either the general requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), or the requirements of § 2254(e)(2). *See Dodd v. Lindamood*, No. 3:11-cv-1090, 2019 WL 4467096, at *5 (M.D. Tenn. Sept. 18, 2019) (finding it unnecessary

to determine which standard applied where the petitioner's motion to expand the record failed under both *Brady* and § 2254(e)(2)).[2]

To establish a *Brady* violation, it must be shown that (1) the prosecution suppressed evidence; (2) the suppressed evidence was favorable to the accused; and (3) the suppressed evidence was material to guilt or punishment, "irrespective of the good faith or bad faith of the prosecution." *Moore v. Illinois,* 408 U.S. 786, 794–95 (1972); *see also Strickler v. Greene,* 527 U.S. 263, 281–82 (1999); *Brady,* 373 U.S. at 87; *Bowling v. Parker,* 138 F.Supp.2d 821, 880 (E.D. Ky. 2001), *aff'd,* 344 F.3d 487 (6th Cir. 2003). Evidence "favorable to the accused" includes both exculpatory and impeachment evidence. *United States v. Bagley,* 473 U.S. 667, 676 (1985). Evidence is "material" within the meaning of *Brady* "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 682; *see also Cone v. Bell,* 556 U.S. 449, 469–70 (2009). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome" *Bagley*, 473 U.S. at 682. Petitioner has the burden of establishing each of *Brady*'s elements. *Carter v. Bell,* 218 F.3d 581, 601 (6th Cir. 2000).

As with petitioner's actual-innocence argument, petitioner has not shown that any withholding of the proffered photographs was prejudicial for purposes of *Brady*. The proffered photographs do not establish who was driving the vehicle. Further, petitioner's efforts to debunk the fire department report are undertaken outside the context of the "entire record," including the photograph of petitioner's bruising mentioned above. *See United States v. Agurs,* 427 U.S. 97,

---

[2]The Court recognizes that respondent has raised various defenses to Ground Three in the Return of Writ. (*See* Doc. 11). Because petitioner's Petition to Expand the Record is subject to denial, the Court will deny it without reaching respondent's arguments until after petitioner has had had the opportunity to file a reply to Respondent's Return of Writ (Answer).

112 (1976) (explaining that in determining whether withheld evidence is "material" within the meaning of *Brady,* courts must evaluate the omission "in the context of the entire record"). In so far as petitioner has failed to establish "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," *Bagley,* 473 U.S. at 682, petitioner has likewise failed to establish "by clear and convincing evidence" that but for the alleged *Brady* violation, "no reasonable factfinder would have found [him] guilty of the offense," as required under § 2254(e)(2). Given that the proffered photographs would not assist petitioner in establishing his *Brady* claim or meet the requirements of § 2254(e)(2), the undersigned finds that it would be inappropriate to expand the record with those photographs to support Ground Three. *See Shinn*, 142 S. Ct. at 1732-33.

Finally, to the extent that petitioner seeks to expand the record to include exhibits other than the three photographs identified above, the Petition to Expand the Record is **DENIED.** Petitioner has not advanced argument in support of proffering any additional exhibits. Moreover, copies of the photographs in Exhibit 1 and the fire department report in Exhibit 5 to the Petition to Expand the Record are already in the record. (*See* Doc. 10, Ex. 24, at PageID 231 (photographs); Doc. 10, Ex. 37, at PageID 438-43(fire department report)).

Accordingly, in sum, petitioner's Petition to Expand the Record (Doc. 12) is **DENIED**. Petitioner is **DIRECTED**, consistent with the Court's previous Order granting him additional time to file a traverse (Doc. 14), that he may, not later than **forty-five (45) days** from the date of this Order, file and serve a reply to Respondent's Return of Writ (Answer).

**IT IS SO ORDERED.**

October 10, 2022

KAREN L. LITKOVITZ
United States Magistrate Judge

8