IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

MARK DANIELS,

        Petitioner,    :    Case No. 1:21-cv-636

- vs -    District Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

    :
        Respondent.

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

This habeas corpus action, brought *pro se* by Petitioner Mark Daniels under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Reconsideration (ECF No. 18). Daniels seeks reconsideration of Chief Magistrate Judge Karen Litkovitz's Order (ECF No. 17) denying his Motion to Expand the Record (ECF No. 12).

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

> The law of the case doctrine precludes reconsideration of an issue already decided in a previous stage of litigation, either explicitly or by necessary inference from the disposition. *McKenzie v. BellSouth Telecomms.*, 219 F.3d 508, 513 (6th Cir. 2000) (citing *United States v. Moored,* 38 F.3d 1419, 1421-22 (6th Cir. 1994)). However, a ruling can be reconsidered: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. *Id.* at 513 n. 3 (citing *Hanover Ins. Co. v. American Eng'g Co.,* 105 F.3d 306, 312 (6th Cir. 1997)).

*Miller v. City of Cincinnati*, 870 F. Supp. 2d 534, 539 (S.D. Ohio 2012)(Barrett, J.) Because Judge Litkovitz's Order is interlocutory, the Court retains the power to reconsider it, but the cited law cautions using that power very sparingly.

Petitioner has not identified a standard under which a motion to reconsider might be decided, but the normal standard for review of a decision on a motion to expand the record would be whether the decision was an abuse of discretion. Judge Litkovitz's Order provides a careful review of the precedent for expanding a habeas record, particularly *Cullen v. Pinholster*, 563 U.S. 170 (2011), and *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (2022). The undersigned finds no misapplication of that precedent and indeed agrees with Judge Litkovitz's conclusions.

Because expansion of the record is a non-dispositive pretrial matter, Judge Litkovitz as the referred Magistrate Judge at the time had the undoubted authority to rule on the motion. To correct any error in her ruling, Petitioner had the option of filing objections which would have been ruled on by District Judge Dlott. Fed.R.Civ.P. 72(a). Failure to file such objections waives appellate review of any error. *Thomas v. Arn*, 474 U.S. 140 (1985); *Alspugh v. Mcconnell,* 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest*

*Park*, 183 F.3d 515, 519 (6th Cir. 1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      For all of the foregoing reasons, Petitioner's Motion for Reconsideration is DENIED.

February 17, 2023.

                                                                       s/ *Michael R. Merz*
                                                              United States Magistrate Judge