# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

MARK DANIELS,

               Petitioner,          :     Case No. 1:21-cv-636

   - vs -                              District Judge Susan J. Dlott
                                         Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

                                         :
               Respondent.

# REPORT AND RECOMMENDATIONS

       This habeas corpus action, brought *pro se* by Petitioner Mark Daniels under 28 U.S.C. § 2254, is before the Court for decision on the merits.  Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11), and Petitioner's Traverse (ECF No. 19).

**Litigation History**

       This case arises from a two-vehicle automobile crash on May 21, 2011, in which Daniels' brother Curtis died and Daniels and occupants of the other vehicle suffered serious injuries (Indictment, State Court Record, ECF No. 10, Ex. 1).  On September 27, 2011, the Butler County grand jury indicted Daniels for one count of aggravated vehicular homicide, a second-degree felony, in violation of Ohio Rev. Code § 2903.06(A)(2)(a) (count 1) and three counts of vehicular assault, third degree felonies, in violation of Ohio Rev. Code § 2903.08(A)(2)(b) (counts 2-4) *Id.*

In March 2012, Daniels pled guilty to an amended charge of third-degree attempted aggravated vehicular homicide and the three vehicular assault charges. (Plea of Guilty, State Court Record, ECF No. 10, Exhibit 2). As journalized on May 15, 2012, the court sentenced Daniels to five years of community control. *Id.* at Ex. 3. Despite two violations of the terms of community control, Daniels was continued in that status for five years. When Daniels violated the terms of his community control sentence for the third time, the court imposed a ten-year sentence on April 25, 2017. *Id.* at Ex. 10. As Respondent notes, Daniels did not appeal from his conviction or the revocation of his community control.

Ten months after revocation on October 5, 2018, however, Daniels moved to withdraw his guilty plea. *Id.* at Ex. 18, claiming the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding the original crash report and his brother's death certificate and he received ineffective assistance of trial counsel when his counsel did not investigate the circumstances of the crash, medical records, and the traffic crash report and in failing to move to suppress Daniels's statements to police. The trial court denied the Motion to Withdraw, finding it to be the result of a change of heart after prison was imposed, barred by *res judicata*, and barred by Daniels' guilty plea (Entry, State Court Record, ECF No. 10, Ex. 23.)

Daniels appealed, but the Twelfth District affirmed. *State v. Daniels,* 2019-Ohio-2274 (Ohio App. 12th Dist. Jun. 10, 2019). The Supreme Court of Ohio declined jurisdiction of a further appeal. *State v. Daniels*, 157 Ohio St.3d 1428 (2019).

Daniels filed a second motion to withdraw his guilty plea (State Court Record, ECF No. 10, Ex. 24) on grounds he was actually innocent and his guilty plea lacked an adequate factual basis. The trial court denied it had jurisdiction

to consider the motion because the court of appeals had already validated the plea and also that the motion was barred by *res judicata. Id.* at Ex. 27. Daniels' appeal was dismissed for failure to file a brief. *Id.* at Ex. 29.

Daniels then filed, on November 25, 2019, a petition for post-conviction relief under Ohio Revised Code § 2953.21 which the trial court dismissed as untimely (State Court Record, ECF No. 10, Ex. 30, captioned "motion to vacate sentence"). The Twelfth District affirmed, explaining why Daniels did not meet exceptions to the time bar on post-conviction petitions. *Id.* at Ex. 43. The Ohio Supreme Court declined jurisdiction over a subsequent appeal. *State v. Daniels,* 162 Ohio St. 3d 1412 (2021).

Daniels filed his Petition for Writ of Habeas Corpus in this Court on September 15, 2021, by depositing it with prison officials on that date for mailing. He pleads the following grounds for relief:

> **Ground One:** Whether Ohio courts erred to Petitioner's prejudice when they ignored evidence that demonstrates that the State used deceptive tactics to coerce Petitioner, a defendant handicapped by memory loss, into accepting a guilty plea in violation of Petitioner's Fifth and Fourteenth Amendment Rights under the United States Constitution and Petitioner's Sixth Amendment Rights to a fair trial under the United States Constitution; thus [sic] making Petitioner's guilty plea less than voluntary.
>
> **Supporting Facts:** Petitioner has consistently made federal constitutional claims during state proceedings. The State never disputed Petitioner's claims during the state proceedings. The State courts ignored evidence that demonstrates Petitioner's claims and failed to address the merits of his federal constitutional claims. An Ohio police officer did investigate a fraudulent prosecution against Petitioner.
>
> **Ground Two:** Whether Ohio courts erred, to Petitioner's prejudice, when they ignored evidence that demonstrates both "unavoidable prevention' and that an Ohio police officer instigated a fraudulent

3

prosecution against Petitioner by deliberately fabricating evidence and lying under oath, in violation of Petitioner's Due Process Rights under the Fourth and Fourteenth Amendments of the United States Constitution.

**Supporting Facts:** Petitioner has consistently made federal constitutional claims during state proceedings. The State never disputed Petitioner's claims during state proceedings. The State courts ignored evidence that demonstrates Petitioner's claims and failed to address the merits of his federal constitutional claims. An Ohio police officer did investigate fraudulent prosecution against Petitioner.

**Ground Three:** Whether Ohio courts erred, to Petitioner's prejudice, when they ignored evidence that demonstrates both "unavoidable prevention" and that an Ohio Prosecutor committed prosecutorial misconduct by presenting false evidence within discovery and by withholding Brady material from discovery in violation of Petitioner's Due Process Rights under the Fourth and Fourteenth Amendments of the United States Constitution.

**Supporting Facts:** Petitioner has consistently made federal constitutional claims during state proceedings. The State never disputed Petitioner's claims during the state proceedings. The State courts ignored evidence that demonstrates Petitioner's claims and failed to address the merits of his federal constitutional claims. An Ohio police officer did investigate a fraudulent prosecution against Petitioner. An Ohio Prosecutor did withhold relevant material evidence from discovery that is favorable to Petitioner's defense.

(Petition ECF No. 1, Page ID 5-7).

Respondent argues that all three grounds for relief are barred from merits consideration by the statute of limitations, by Daniels' procedural defaults in presenting them to the Ohio courts, and by his guilty plea (Return, ECF No. 11, passim).

4

**The Statute of Limitations**

28 U.S.C. § 2244(d), as enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Unless another period is shown to apply, the statute of limitations runs from the date the judgment of conviction became final on direct appeal.  Daniels was sentenced on May 15, 2012 (Judgment of Conviction, State Court Record, ECF No. 10, Ex. 3).  Under Ohio law, Daniels had

until June 14, 2012 (thirty days) in which  2244(d)(1)(A) to appeal.  Because he did not, his conviction became final on June 14, 2012.  He filed nothing to interrupt or toll that time and thus the statute of limitations expired June 14, 2013.  Because his Petition was not filed in this Court until September 15, 2021, it is barred by the statute of limitations and should be dismissed on that basis.

Respondent calculated the running of time under § 2244(d)(1)(A) from the date on which Daniels failed to appeal from revocation of community control (May 25, 2017)(Return, ECF No. 11, PageID 674), but that is incorrect.  Daniels is claiming that the underlying conviction is unconstitutional, not the revocation of community control.  The underlying conviction became final June 14, 2012, when he had failed to appeal the conviction and no tolling event occurred before the statute expired June 14, 2013.

Regarding Respondent's asserted procedural defenses, "Daniels asserts that he is only presenting issues raised in his State petition for post-conviction relief filed on November 19, 2019." (Traverse, ECF No. 19, PageID 763).  Those issues were:

> **Assignment of Error 1:** Officer Mark York manufactured probable cause by participating in a sham investigation; committing intrinsic fraud by deliberately tampering with evidence, fabricating evidence, and using misrepresentations to make an unlawful arrest of the defendant in violation of the defendant's Fourth, Sixth, and Fourteenth Amendment rights under the United States Constitution.

> **Assignment of Error 2:** Officer York engaged in malicious prosecution by planning, shaping, and conducting an investigation to manufacture probable cause by making false statements, tampering with evidence, fabricating evidence, omitting material evidence, and by using misrepresentations to obtain an arrest warrant for the defendant, violating due process and the defendant's Fourth and Fourteenth Amendment right under the United States Constitution.

> **Assignment of Error 3:** The prosecution committed prosecutorial misconduct when it relied upon fraud to obtain an unlawful

> indictment for the defendant and compounded this error by withholding exculpatory evidence from discovery in violation of the defendant's due process rights under the Fifth and Fourteenth Amendments under the United States Constitution, making the resulting plea involuntary and the conviction void.

(Motion to Vacate Sentence, State Court Record, ECF No. 10, Ex. 30, PageID 289-93). All three of these claims speak to conduct of the State in obtaining the underlying conviction. As provided in 28 U.S.C. § 2244(d)(2), a properly filed application for post-conviction or other collateral relief will toll the statute of limitations. But Daniels' Motion to Vacate Sentence was not properly filed. Ohio has itself placed a one-year statute of limitations on petitions for post-conviction relief. Ohio Revised Code § 2953.23. That time runs from the date on which the transcript on appeal is filed or for one year if no appeal is taken. Because Daniels never filed a direct appeal, that one year began to run when he failed to appeal (June 14, 2012) and expired a year later on June 14, 2013. Daniels did not file his Motion to Vacate until November 2019, more than six years late, so his Ohio Revised Code § 2953.21 petition was not "properly filed" and did not toll the AEDPA statute of limitations.[1]

Respondent's statute of limitations defense is well taken. The Petition should be dismissed on that basis.

**Procedural Default**

Apart from the statute of limitations, Respondent asserts Daniels claims are barred by his various procedural defaults in presenting them to the Ohio courts.

---

[1] As Respondent points out, even properly filing a post-conviction petition only tolls the federal statute, but does not restart it. (Return, ECF No. 11, PageID 672, citing *Vroman v. Brigano,* 346 F.3d 598 (6th Cir. 2003)).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009).  This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004).  "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)].  The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine.  See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

8

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility*, 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted

error.  *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a number of relevant procedural rules.  A direct appeal in a criminal case must be taken within thirty days of conviction.  Ohio law allows a defendant to obtain leave to file a delayed appeal, but Daniels has never attempted to do so.  The next relevant rule is that claims of constitutional error which can be adjudicated from the state court appellate record must be raised on direct appeal or be barred from later consideration by the doctrine of *res judicata*.  Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision.  *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).  The Ohio courts have consistently enforced the rule.   *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981).  The Ohio courts enforced this rule against Daniels on a number of occasions.

To support cause for his delays in filing Daniels cites his purported memory loss from the accident.  But as far as the Magistrate Judge can tell, Daniels has never supported this claim with any medical documentation of the diagnosis or its severity, except for immediate post-collision references to a head injury.  In the absence of medical corroboration, Daniels' unsworn, uncross-examined, and self-serving claim of memory loss does not establish cause for his delays.  In particular, he has not overcome with clear and convincing evidence the Ohio courts' finding that he could have learned of the documents on which he now relies within a year of the conviction, which would have allowed him to timely file a petition for post-conviction relief.

Daniels also argues his procedural defaults as well as Respondent's statute of limitations

10

claim are excused by his actual innocence.  The controlling precedent on this point is now the

Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

In *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims."  *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim

11

> requires petitioner to support his allegations of constitutional error
> with new reliable evidence -- whether it be exculpatory scientific
> evidence, trustworthy eyewitness accounts, or critical physical
> evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.
> The Court counseled however, that the actual innocence exception
> should "remain rare" and "only be applied in the 'extraordinary
> case.'" *Id.* at 321.

395 F.3d at 590 (6th Cir. 2005).

Daniels' claim is that the new evidence he has presented proves that his deceased brother was driving the car at the time of the collision. Since there were only the two of them in the car at the time of the collision and only the driver could be guilty of the moving offenses of vehicular homicide and assault, Daniels claims he must be innocent.

The purportedly exculpatory evidence is neither scientific evidence nor an eyewitness account. It was not presented at trial because there was no trial – Daniels pleaded guilty. The Court takes his claim to be that the new evidence is "critical physical evidence," evidence suppressed by the State in violation of *Brady*.

The evidence in question is the original crash report of the collision and the original death certificate of Curtis Daniels. These documents were claimed to be *Brady* material in Daniels' first motion to withdraw his guilty plea, filed March 6, 2018 (State Court Record, ECF No. 10, Ex. 18). He asserted his plea was not knowing, intelligent, and voluntary because these documents were withheld and his attorney provided ineffective assistance of trial counsel "in not filing a motion to suppress Defendant' statements, and counsel's alleged failure to investigate the circumstances of the incident, medical records, and the traffic crash report." (Decision and Entry, State Court Record, ECF No. 10, Ex. 23, PageID 204).

In applying the "no rational juror" test from *Schlup*, the court is to consider all the evidence, including the new evidence. In denying the Motion to Withdraw, Judge Powers found Daniels had

12

not filed a transcript of the plea colloquy, meaning that the regularity of those proceedings was required to be presumed (Decision and Entry, State Court Record, ECF No. 10, Ex. 23, PageID 206). A plea colloquy would include a recitation of the factual basis necessary for a conviction, so the presumption of regularity would cover those facts. He also noted Daniels' statement in the written plea agreement:

> I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement stated entirely as follows: "'NONE'" [interlineated by hand in the blank space provided].

*Id.* at PageID 206. The judge concluded Daniels had not met the "manifest injustice" standard needed to withdraw a guilty plea under these circumstances:

> Defendant has waited over seven years since the fatal incident, and over six years since his guilty plea, to bring forth the issues he raised in his Motion. The prejudice to the State is manifest; witnesses' memories fade, evidence dissipates.
>
> He could have raised the issues sooner. He could have filed a direct appeal. He did not. Instead, he accepted "the benefit of his bargain": a reduced charge resulting in at least five years removed from his potential sentence. And, he was satisfied with that bargain as long as he was on community control; it was only after his third, and final, community control violation, revocation of his community control and being sentenced to prison, that he had a change of heart, and these matters became an issue, hardly a manifest injustice, and certainly an insufficient justification to withdraw a plea.

*Id.* at PageID 206-07.

Daniels appealed and the Twelfth District found the plea was knowing, intelligent, and voluntary based on the trial court's compliance with Criminal Rule 11. *State v. Daniels,* 2019-Ohio-2274 (Ohio App. 12th Dist. Jun. 10, 2019). A valid guilty plea, it held, waives all constitutional error preceding it except the constitutionality of the plea itself. *Id.* at ¶ 18.

Regarding Officer York's investigation which led to modification of the crash report and the death certificate, the court found:

> ¶ 20 Based on the limited evidence in the record and the documents attached to appellant's motion, it appears there was some confusion initially as to which brother operated the vehicle. An investigation ensued to ascertain who was responsible for the collision. One of the police reports, which appellant admits he received in discovery, outlines law enforcement's process in identifying the vehicle operator using conflicting statements from witnesses and crash-scene photographs. Upon completion of the investigation, the death certificate was amended to reflect the results of the investigation.

> ¶ 21 By the time he entered the guilty plea, appellant was aware that law enforcement had investigated the collision to resolve some initial confusion as to which brother was the operator of the vehicle. Therefore, appellant cannot establish the omission of these documents rendered his plea less than knowing, intelligent, and voluntary.

*Id.* It noted that delay in moving to withdraw a guilty plea militates against the credibility of the defendant and any finding of manifest injustice. *Id.* at ¶ 22, noting the six-year delay. The Twelfth District also upheld Judge Powers' application of *res judicata* to the claims. *Id.* at ¶ 29.

Daniels filed his second Motion to Withdraw on July 31, 2019. *Id.* Ex. 24. He begins with an attack on the factual finding of the Twelfth District that Officer York's investigation was precipitated by "initial confusion" over who the driver was and attributes nefarious motives to York without suggesting any other motive than to get at the truth. He cites the initial impressions of other law enforcement personal that Curtis was the driver without presenting any material which would show by clear and convincing evidence that the Twelfth District's finding was in error. He then argues there must be a factual basis for a finding of guilt. *Id.* at PageID 218. But he still does not file a transcript of the plea colloquy which would contain such a factual basis, nor does he respond to the presumption of correctness which flows from that absence. *Id.* Instead of presenting any new evidence of actual innocence, he baldly asserts "the evidence of actual innocence is

14

overwhelming." *Id.* Judge Powers relied on both the law of the case doctrine and *res judicata* flowing from denial of the first motion to withdraw to deny this second motion (State Court Record, ECF No. 10, Ex. 27).

Daniels appealed but did not bother to file a brief[2], leading to dismissal (Judgment Entry, State Court Record, ECF No. 10, Ex. 29).

Undaunted, Daniels filed on November 25, 2019, a petition for post-conviction relief under Ohio Revised Code § 2953.21 (Captioned "Motion to Vacate," State Court Record, ECF No. 10, Ex. 30). He blamed his inability to file earlier on the State's failure to produce the two previously identified documents and his own head injury.[3] *Id.* at PageID 284.

The trial court, this time through a new judge, denied that Motion May 12, 2020. *Id.* at Ex. 35. Judge Howard found the motion was untimely under Ohio Revised Code § 2953.23. The judge rejected Daniels' attempt to show he was "unavoidably prevented" from filing. Noting that Daniels claimed it was his mother who persuaded him into believing he may have been the passenger, the judge found he had all the time he was on community control "to listen to his mother and attempt to obtain the documents he identifies." He rejected Daniels actual innocence claim, holding

> after reviewing the information contained [in] materials attached to both the defendant's motion and the state's response, this Court is convinced that the State would have been able to prove by proof beyond a reasonable doubt that the defendant was the driver of the vehicle and was the one that was responsible for the death of his brother.

(Entry, ECF No. 10, Ex. 35, PageID 407).

---

[2] Failure to file a brief forfeits an appellate decision on the appealed assignments of error.

[3] He also claimed his own medical records were not disclosed to him. But a litigant's own medical records are not *Brady* material. *Matthews v. Ishee,* 486 F.3d 883, 891 (6th Cir. 2007) ("Where, like here, 'the factual basis for a claim is 'reasonably available to' the petitioner or his counsel from another source, the government is under no duty to supply that information to the defense.") (citation omitted); *Coe v. Bell,* 161 F.3d 320, 344 (6th Cir. 1998).

Daniels appealed. The Twelfth District upheld the trial court on both issues, holding "There is no indication that Daniels did not recover from his injuries within the year after his conviction," the time within which a post-conviction petition was required to be filed. Reviewing the evidence submitted, the court found "the photographs, accident reports, and medical documents provides [sic] evidence that Daniels was the driver" which meant he could not show by clear and convincing evidence that he was not (Opinion, State Court Record ECF No. 10, Ex. 43).

Under 28 U.S.C. § 2254(d)(2), this Court must defer to state court findings of fact unless a petitioner shows "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d)(2). "[R]egardless of whether [a federal court] would reach a different conclusion were [it] reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary." *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001). The Ohio courts' determination that Daniels cannot show actual innocence is not an unreasonable determination in light of the evidence presented in the state court proceedings, the same evidence relied on here. To prevail on his tendered actual innocence to excuse (1) his failure to file within the federal statute of limitations, (2) his many procedural defaults in the state courts, he must prove that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup, supra*. This he has not done.

Arguing that Respondent has not met the *Maupin* test, Daniels argues in his Traverse that the Ohio courts have not used the words "procedural default" to describe his situation. That is because those words are part of federal habeas jurisprudence. What the Ohio courts have done is to find failures on Daniels' part which constitute procedural defaults under Ohio law and which the Sixth Circuit has held constitute adequate and independent grounds of state court decision --

failure to file within the statute of limitations for a post-conviction petition, failure to directly appeal issues which could be decided in such an appeal or actual prior decision of an issue (*res judicata* in both cases).

**Waiver by Guilty Plea**

Respondent also asserts all of Daniels' claims are barred by his guilty plea.

By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime, in this case killing his brother and severely injuring two others.  *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).  A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The Ohio courts found in this case that Daniels' guilty plea was knowing, intelligent, and voluntary and that factual determination is entitled to deference under AEDPA because Daniels has not shown it is the result of an unreasonable determination of the facts.  His counsel had no qualms about the plea and indeed it was an apparently very good bargain:  community control with a fatality and two seriously injured other victims.  Daniels claims he was "coerced" by York's investigation, but offers no explanation of how it was coercive.  Like many of his accusations against Officer York, it is purely conclusory.

The Magistrate Judge concludes that the state court determination that Daniels waived these claims by pleading guilty has not been shown to be an unreasonable application of clearly established Supreme Court precedent.

**Procedural Defenses in General**

Petitioner opens his Traverse with a Preliminary Statement:

> Justice can never be served when the government obtains a plea and conviction through the use of false statements and false evidence introduced by the police. Withholding significant exculpatory evidence from a defendant during the discovery process, a defendant that the government knew could not remember what took place, is and should be considered repugnant to any form of fair-minded civilized society. A guilty plea should never be used as a waiver of ignorance that the government obtained that plea by violating an individual's constitutional Due Process Rights in the first place. Using a procedural technicality as a means to ignore both the evidence and arguments that prove these statements are true, defeats the very purpose of this Honorable Court's oath to uphold justice. Justice is not merely a tool used by the government to justify a conviction obtained by unethical means; rather, it is a sacred obligation on the part of members of the government that is supposed to be used as a tool to protect its citizens from both crime and far-reaching government oversight.

(ECF No. 19, PageID 750).  The statement is reminiscent of the tone taken by many habeas petitioners.  The procedural piece of the law which favors their position is always a "Due Process Right," whereas that piece that favors the State is said to be a "procedural technicality."  But the shoe can as readily be on the other foot when a defendant whom the State believes strongly is guilty "gets off on a technicality," as some prosecutors and police officers would characterize such a result.

In trying to provide equal justice under law, judges must constantly weigh the need to

18

speedily resolve disputes with the need to allow each side to be fairly heard.  Of this case, Judge Powers rightly wrote "The prejudice to the State is manifest; witnesses' memories fade, evidence dissipates."  But the State here, as in all criminal cases, speaks for the victims.  Where would justice be for the severely injured victims in the other car if Daniels were permitted to change his mind six years after admitting the crime and take the case to trial?

Our oath is to defend the Constitution.  That does not give us license to cut through procedural rules to reach a result just because we have been convinced it is the just result.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge concludes the Petition should be dismissed with prejudice because it is barred by the federal statute of limitations (28 U.S.C. § 2244(d)), Daniels' failure to preserve the issues by his numerous procedural defaults, and Daniels' plea of guilty.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

February 27, 2023.

s/ <em>Michael R. Merz</em><br>United States Magistrate Judge