IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

MARK DANIELS,

          Petitioner,     :      Case No. 1:21-cv-636

  - vs -                             District Judge Susan J. Dlott
                                       Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
 Institution,

                                   :
         Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on the Report and Recommendations (the "Report," ECF No. 22) of United States Magistrate Judge Michael R. Merz to whom this case was referred pursuant to the General Order of Reference for this District. Petitioner has objected (ECF No. 23).

As required by Fed.R.Civ.P. 72(b), the Court has reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted.

Daniels was found criminally liable for the May 2021 automobile collision that killed his brother and severely injured two other people. In March 2012 Daniels pleaded guilty to reduced charges and was sentenced to community control. Only after he had violated the community control conditions a third time was he sentenced in April 2017 to imprisonment.

Daniels did not appeal from his conviction or the revocation of community control. However, on October 5, 2018, he moved to withdraw his guilty plea, raising claims of prosecutorial misconduct under *Brady v. Maryland*, 373 U.S. 83 (1963), and ineffective assistance of trial counsel under *Strickland v. Washington,* 466 U.S. 668 (1984).

The trial judge denied the Motion to Withdraw.  He held Daniels had not shown the manifest injustice required to justify withdrawal of a guilty plea this many years after it was entered.  More importantly for purposes of evaluating the Report, he found Daniels' claims were barred by the Ohio criminal doctrine of *res judicata* (Decision and Entry, State Court Record, ECF No. 10, Ex. 23, PageID 208, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). Daniels appealed and the Ohio Twelfth District Court of Appeals affirmed, concluding that Judge Powers' *res judicata* analysis was correct.  *State v. Daniels*, 2019-Ohio-2274 (12th Dist. Jun. 10, 2019). Daniels second motion to withdraw was also denied on *res judicata* grounds.  (Decision and Entry, State Court Record, ECF No. 10, Ex. 27.

On November 25, 2019, Daniels filed a petition for post-conviction relief under Ohio Revised Code § 2953.21.  This time the trial court dismissed on the different procedural ground that it was untimely, i.e., that it was filed outside the one-year statute of limitations Ohio law places on such petitions.  See Ohio Revised Code § 2953.23.  The Twelfth District affirmed, explaining why Daniels did not meet exceptions to the time bar on post-conviction petitions. *Id.* at Ex. 43.

The Report recommended dismissal with prejudice because Daniels' claims are barred by his procedural defaults in presenting them to the Ohio courts.  Daniels objects that the Ohio courts never used the phrase "procedural default" in denying him relief.  That is true but irrelevant.  One would not expect the Ohio courts to use that phrase in describing

2

the results of their analysis because "procedural default" is an analytical term in federal law, not in Ohio law.  No federal case authority requires state courts to use that phrase in order to enforce a procedural default when the case comes to federal court in habeas.

Instead, as the Report held, the Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default.

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

(Report, ECF No. 22, PageID 789, quoting  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The Report then found that Ohio has relevant procedural rules – appeals must be taken within set time periods and matters which can be presented on direct appeal but were not are barred from later consideration, the doctrine of *res judicata*. *Id.* at PageID 790.  The Report found "[t]he Ohio courts enforced this rule against Daniels on a number of occasions." *Id.*  This Decision enumerates those occasions above, both initial enforcement in the Common Pleas Court and affirmance of that enforcement by the Twelfth District.

Daniels correctly notes that the last state court rendering a decision on the procedural rule

3

must expressly say it is enforcing the rule. But the Twelfth District did so, specifically affirming the *res judicata* holding on the first motion to withdraw and the untimeliness holding on the petition for post-conviction relief. Daniels claims the Twelfth District did not do so in its last decision, but he somehow misreads that opinion. In *State v. Daniels*, 2020-Ohio-5564 (12th Dist. Dec. 7, 2020), the court expressly relied on the post-conviction relief statute of limitations. *Id.* at ¶ 5. That court also found Daniels had not met the requirements for late filing under Ohio law.

As requested in the Objections, the Court has reviewed *Sanford v. City of Detroit,* 2018 U.S. Dist. LEXIS 205178 (E.D. Mich[1]. 2018), and notes that it is not a habeas corpus case and therefore not applicable.

Daniels has insisted since he began challenging his conviction that he is actually innocent. The Court adjudicates many such claims in habeas corpus cases because, if proven, it would enable Daniels to avoid his procedural defaults. In adjudicating actual innocence claims, a habeas court is required to consider the new evidence tendered by a petitioner with all of the evidence the jury actually heard in deciding the case. But in this case no jury ever heard whatever evidence the State may have had because Daniels pleaded guilty.

**Conclusion**

Having considered de novo all of Petitioner's Objections, the Court finds they are without merit and they are overruled. The Magistrate Judge's Report and Recommendation are ADOPTED. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court hereby certifies to the Sixth Circuit Court of Appeals that any appeal from this Order would be

---

[1] *Sanford* is a district court decision, not one made by the Sixth Circuit.

objectively frivolous.

March 20, 2023.

                                                                                                                          S/Susan J. Dlott\
                                                                                                                          Susan J. Dlott\
                                                                                                                          United States District Judge